UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CAROL A. SECKEL,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-07-0265-CI

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 21.) Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Terrye E. Shea represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

On August 29, 2005, Carol Seckel (Plaintiff) applied for disability insurance benefits and Social Security Income (SSI) benefits. (Tr. 170.) Plaintiff alleged disability due to hip problems and scoliosis, with an onset date of March 31, 2004. (Tr. 78, 84.) Benefits were denied initially and on reconsideration. (Tr. 53.) Plaintiff requested a hearing before an administrative

law judge (ALJ), which was held before ALJ Richard Say on September 19, 2006. (Tr. 205-13.) Plaintiff, who was incarcerated, waived personal appearance at the hearing. Her attorney appeared at the hearing on her behalf and requested the case be decided on the record. (Tr. 208.) Vocational expert Debra Uhlenkott testified. (*Id.*) The ALJ denied benefits and the Appeals Council denied review. (Tr. 30-36.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 52 years old at the time of the hearing. (Tr. 210.) She had past work experience as a baker and hair stylist. (*Id*.) She had a high school education and attended cosmetology school. (Tr. 82.) She reported she could not work due to hip pain and inability to stand for any length of time. (Tr. 79.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Say found Plaintiff had not engaged in substantial gainful activity since the onset of disability. (Tr. 32.) At step two, he found Plaintiff had the severe impairment of "congenital hip dysplasia - status post multiple surgeries." *Id.* At step three, he found that the impairment does not meet or equal the requirements of 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 34.) ALJ Say found Plaintiff's statements regarding the severity of symptoms were not entirely credible. (Tr. 35.) At step four he found Plaintiff had the residual functional capacity for light work with postural restrictions. (Tr. 34.)

Based on the record and vocational expert testimony, he determined Plaintiff was able to perform her past relevant work as a hair stylist and was therefore not "disabled" as defined in the Social Security Act. (*Id.*)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a

> claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by

substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he (1) discounted her statements regarding the severity of her limitations, and (2) determined she had the RFC for light work. (Ct. Rec. 14 at 5, 7.)

**DISCUSSION**

**A.   Credibility Determination**

If an adjudicator finds a claimant's statements are unreliable, specific reasons must be provided for rejecting subjective complaints. In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Morgan*, 169 F.3d at 599. Furthermore, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The following factors may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [disabling symptoms]." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

Plaintiff waived her appearance and opportunity to testify at the hearing; therefore, ALJ Say based his decision on the record and

statements made by Plaintiff to medical providers and agency evaluators. (Tr. 34, 207-08.) Initially, he noted that no treating or examining physician opined Plaintiff was unable to work, that there was no medical evidence to support her allegations of total disability. This finding is supported by the medical evidence from Robert Rose, M.D., and the agency physician, Norman Staley, M.D. (Tr. 35, 135, 137, 140-41.)

Dr. Rose examined Plaintiff on March 21, 2005, and reviewed imaging reports of her hip, pelvis and lumbar spine. (Tr. 132-37.) He noted a history of scoliosis which caused her some low back pain. Dr. Rose also reported a history of congenital hip dysplasia, "post multiple surgical procedures." (Tr. 134.) He indicated Plaintiff's complaints of pain were primarily related to her left thigh. He observed that she did not use an assistive walking device, had a normal gait, adequate dexterity, and the ability to handle and manipulate. He reported she was able to walk six to eight blocks. (Tr. 132.) Based on a full physical examination and review of imaging reports, Dr. Rose found loss of flexion in Plaintiff's right small finger, a history of hip dysplasia and scoliosis with nominal effect on range of motion and strength. He found no evidence of "significant degenerative disease, disk disease or radicular disease." (Tr. 33, 134.) Dr. Staley reviewed the medical reports and opined Plaintiff was capable of light work with postural limitations. (Tr. 33, 140-41.)

In addition to a lack of supporting objective medical evidence, the ALJ gave additional legally sufficient reasons for discounting Plaintiff's statements. He found the record indicated Plaintiff continued her activities of daily living, including "pet care,

household chores, shopping, and performing hobbies and other interests . . . consistent with light level work." (Tr. 35.) As noted by the ALJ in his summary of the evidence, Plaintiff reported activities of daily visiting, shopping and appointments, as well as sewing, cooking, cleaning, baking, beadwork and watching television. *(Id.)* These findings are supported by Plaintiff's responses in the agency Function Report. (Tr. 89-92.) He found Plaintiff's allegations that constant pain and an inability to stand for any length of time affected her concentration "were not entirely credible," and supported this finding with specific citations to the record. (Tr. 35, 79.) For example, he cited inconsistencies between her allegations of an inability to concentrate and her self-report that she had no problems with completing projects, paying attention or following instructions. (Tr. 35, 92.) These are "clear and convincing" reasons for discounting Plaintiff's allegations of disabling limitations. The ALJ's credibility determination is supported by substantial evidence and free of legal error.

**B. Residual Functional Capacity (RFC)**

The RFC determination is the "adjudicator's finding about the ability of an individual to perform work-related activities . . . based upon consideration of all relevant evidence in the case record." *Social Security Ruling* (*SSR*) 96-5. The final responsibility for the RFC determination is reserved to the Commissioner. *Id*.

ALJ Say made specific findings regarding Plaintiff's RFC and discussed what, if any, impact, Plaintiff's impairments have on her functional capacity. (Tr. 34-36.) Medical sources and Plaintiff's

representations regarding her past work in disability reports support the ALJ's finding that the Plaintiff was capable of light work with normal breaks and restrictions on climbing, balance, stooping, kneeling, crouching and crawling. (Tr. 97, 104, 140-41.) The ALJ properly considered Plaintiff's description of her hair stylist job as actually performed, as well as her credibility in making his RFC determination. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Plaintiff described her hair stylist job as actually performed as requiring seven hours of standing, one hour of reaching, one hour of handling small objects and heaviest weight lifted as ten pounds. Tr. 104.) The DICTIONARY OF OCCUPATIONAL TITLES (DICOT) describes the job of hair stylist as requiring light exertion level with no requirements for climbing, balancing, stooping, kneeling, crouching, crawling. United States Department of Labor, DICTIONARY OF OCCUPATIONAL TITLES, 332.271-018 (Fourth Ed. Rev. 1991).[1] The ALJ properly posed a hypothetical containing the

---

[1] Section 404.1567 of 20 C.F.R. defines light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

In addition to the weight restrictions, light work requires an ability to stand or walk for six out of an eight-hour day. If a particular light job does not require standing or walking, then the

limitations supported by substantial evidence to vocational expert Debra Uhlenkott. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). (Tr. 211.) The hypothetical propounded to the vocational expert properly included the limitations assessed by the ALJ, including mild to moderate chronic pain and the effects of medication. (Tr. 210-11.) Consistent with the DICOT definition, Ms. Uhlenkott testified Plaintiff's former work required light level exertion, and opined that the hypothetical individual could perform Plaintiff's prior job of hair stylist. (Tr. 210-11.) The ALJ did not err when he relied on this testimony. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

The evidence reasonably supports the ALJ's assessment of Plaintiff's capacity to do work-related tasks. Therefore, Plaintiff's assertion that the ALJ's RFC determination and finding of non-disability were legal error is without merit.

**CONCLUSION**

The Commissioner's determination that Plaintiff is not under a disability is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**.

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is **GRANTED.**

The District Court Executive is directed to file this Order and

---

sitting will require one to be able to push and pull arm-hand or leg-foot controls. *SSR* 83-10.

provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

DATED September 15, 2008.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE